ORDER
The following is before the court: RESPONSE TO RULE TO SHOW CAUSE, filed on March 18, 2010, by attorney Armand L. Andry.
This civil appeal was docketed on June 22, 2009. The opening brief was due on August 21, 2009.
Several extensions of time were granted to allow settlement negotiations. When these came to naught, the court set a deadline of December 21, 2009. The court granted a motion to extend that time to January 25, 2010. One day before the briefs due date, counsel sought a further extension of time, which was granted. The order of January 26, 2010, set a final deadline of February 26, 2010, and provided that no further time would be allowed except under extraordinary circumstances. It also reminded counsel that any request for additional time must be filed at least seven days before the date the brief is due.
On February 25, 2010, just one day before the brief was due, counsel filed a motion for still more time. This motion did not narrate any exceptional circumstances. Instead it noted that counsel was busy (as most lawyers are) and has chronic health problems. The motion was functionally identical to the previous motion that led to the final, non-extendable due date of February 26. This motion was denied and counsel ordered to show cause why the appeal should not be dismissed for want of prosecution.
*733 Almost a month has passed, and counsel still has not tendered a brief for appellants. The response to the order to show cause again notes general busyness and chronic health issues, which counsel says began in 2006. Lawyers must take no more work than they can handle; it appears that Armand Andry, counsel for appellant, has disregarded this ethical rule. This is only one of several pending cases in which Andry has disregarded appellate deadlines, despite receiving many months of extensions. (This appeal, for example, is now more than nine months old.) The court cannot allow this practice to continue.
Counsel’s name will be placed on a list, maintained by the court, of lawyers who have failed to meet a non-extendable deadline. No further filings instcmter will be allowed in any of Andry’s appeals. Any further failure to file a brief by its due date will lead to counsel’s immediate suspension from practice pending disciplinary proceedings, and to the dismissal of that appeal, for want of prosecution, without further warning.
Counsel must plan his practice so that future appellate briefs can be filed within the time provided by the Federal Rules of Appellate Procedure. This does not mean that extensions of time are unavailable. But, except for circumstances beyond counsel’s control (such as unavailability of the record), extensions of time will be limited to a total of 60 days past the original due date.
IT IS ORDERED that this appeal is DISMISSED for want of prosecution.